UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FREDERICK B. HOLLIE,       ) | |
|                            ) | |
|   Plaintiff,               ) | |
|                            ) | |
| v.                         ) | Civil Action No. 11-0561 (ESH) |
|                            ) | |
| ANTHONY SMITH, *et al.*,   ) | |
|                            ) | |
|   Defendants.              ) | |

## MEMORANDUM OPINION

Frederick Hollie, proceeding *pro se*, has sued his former union, the International Brotherhood of Teamsters, Local Union 639 ("Union"), as well as his union representative, Anthony Smith, seeking damages resulting from gross negligence, breach of contract, and breach of the duty of fair representation. The Union has moved to dismiss Hollie's claims, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the following reasons, the Union's motion will be granted in part and denied in part.

## BACKGROUND[1]

Hollie was employed by the United Parcel Service ("UPS") and was a member of the Union. (Am. Compl. at 1.) On December 12, 2008, Hollie was discharged by UPS. (*Id.*) The Union successfully reversed the discharge, and Hollie was allowed to return to work on January 12, 2009. (*Id.*) On January 15, Hollie's manager told him that he needed to take a physical in order to continue working because his most recent physical was insufficient. (*Id.* at 1-2.) On February 19, Hollie was fired for taking an unauthorized leave of absence. (*Id.* at 2; *see also*

---

[1] The dates given by Hollie in his complaint are confusing and frequently do not match the dates listed in his supplemental materials. The Court will use the dates that it believes are correct based on all of the materials submitted by Hollie.

Compl. Ex. C, at 2.) On March 19, Hollie filed a grievance with the Union. (Compl., Chronology of Events ("Chronology"), at 3.) Hollie alleges that the Union never responded to the grievance he filed. (Am. Compl. at 2.)

Hollie also alleges that on October 20, 2010, he attended a panel hearing of the Atlantic Area Parcel Grievance Committee, after which he was discharged for "not filing a timely grievance in response to the February 19" discharge. (*Id.*) Moreover, he alleges that the Union "reversed" his reinstatement from his December 12, 2008, discharge on December 22, 2010. (*Id.*)

Hollie filed suit against Smith and the Union in Superior Court on February 22, 2011. (Notice of Removal, Ex. A, at 1.) He alleged that defendants failed to "investigate grievances in January and February" 2009, that he had not received "back pay for wrongful terminations," that he received "unfair representation" when he was not allowed to present his case "verbally" at the 2010 "hearing panel," that they failed to "return calls or contact" him about his grievances, and that they had failed to contact him. (*Id.* at 5.) The Union removed the case on March 16, 2011, on the grounds that Hollie claimed a breach of the federal "duty of fair representation." (Notice of Removal at 2-3.) The Union moved to dismiss HollieDefs.''s claims on March 24, 2011. (Defs.' Mot. to Dismiss ("Defs.' Mot.") at 11.) Hollie filed an amended complaint on May 5, 2011.[2]

---

[2] The Union argues that Smith is no longer a party in this suit because the amended complaint does not include any claims against him. (Defs.' Reply at 1-2 n.1.) Although the filing of an amended complaint generally "renders the original complaint a nullity," *Affinity Healthcare Servs., Inc. v. Sebelius*, 746 F. Supp. 2d 106, 111 n.7 (D.D.C. 2010), when a plaintiff is proceeding *pro se*, the Court must "read[] all of the plaintiffs filings together." *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999); *see also Silvious v. Snapple Beverage Corp.*, No. 11-630, 2011 WL 2530897, at *2 (D.D.C. June 27, 2011) ("in construing *pro se* filings liberally, courts should read all of the *pro se* party's filings together"). Thus, Hollie's amended complaint supplements, rather than replaces his original complaint, and his claim against Smith survives.

## ANALYSIS

I. **STANDARD OF REVIEW**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" such that a court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In ruling on a 12(b)(6) motion, a court may consider facts alleged in the complaint, documents attached to or incorporated in the complaint, matters of which courts may take judicial notice, and documents appended to a motion to dismiss whose authenticity is not disputed, if they are referred to in the complaint and integral to a claim. *U.S. ex rel. Folliard v. CDW Tech. Servs., Inc.*, 722 F. Supp. 2d 20, 24-25 (D.D.C. 2010).

II. **HOLLIE'S COMPLAINT ONLY ALLEGES BREACH OF THE DUTY OF FAIR REPRESENTATION**

Although Hollie has "attempt[ed] to bring a state law action," the Union argues that his state law claims are pre-empted because his complaint also alleges a breach of the Union's duty of fair representation. (Defs.' Mot. at 5.) Hollie's original complaint did not cite any statutory basis for his action. Rather, it alleged that the Union and Smith failed to investigate Hollie's grievances and failed to successfully win him his back pay, that he was unfairly represented at a recent hearing, and that the Union and Smith failed to return his calls and to contact him. (Compl. at 1.) Hollie's amended complaint alleges that the "Union never responded to grievances as agreed by Union Representative Anthony Smith," and that "a breach of an explicit or implied contract of employment or an employer-union collective bargaining agreement" led to his constructive discharge. (Am. Compl. at 2.) Moreover, Hollie alleges that damages were "increased by the Union's gross negligence, breach of contract and its statutory duty of fair

3

representation." (*Id.*)  Thus, Hollie now explicitly alleges that the Union and Smith breached their duty of fair representation.

Even if Hollie had not specifically raised this claim, the Court would read his complaint to allege a breach of the duty of fair representation because he alleges that the Union and Smith failed to follow the grievance procedure detailed in the collective bargaining agreement with UPS.  *See Price v. Union Local 25*, No. 10-1865, 2011 WL 2144564, at *2-*3 (D.D.C. June 1, 2011) (where plaintiff made no "specific legal claim," the court construed his complaint as asserting a duty of fair representation claim because it alleged that his union "arbitrarily ignore[d] a meritorious grievance or process[ed] it in perfunctory fashion") (quoting *Vaca v. Sipes*, 386 U.S. 171, 191 (1967)).  Moreover, "[t]o the extent that the Union had a duty to [Hollie], that duty is defined . . . by a collective bargaining agreement . . . as well as applicable federal statutes," and is, therefore, governed by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  *Ramey v. Int'l Bhd. of Elec. Workers*, 580 F. Supp. 2d 44, 47-48 (D.D.C. 2008) (construing claim of conspiracy against union as one for breach of the duty of fair representation).  Thus, no matter how Hollie has labeled his claims, the Court would construe them as claims brought pursuant to § 301 of the LMRA.  *Id.* at 48 (quoting *Taylor v. Giant Food, Inc.*, 438 F. Supp. 2d 576, 581 (D. Md. 2006)).

To the extent Hollie alleges that the same conduct also gives rise to claims under state law, these claims are preempted because they do not "arise wholly outside the ambit of those obligations circumscribed by a union's duty of fair representation under the collective bargaining agreement."  *Condon v. Local 2944, United Steelworkers of Am., AFL-CIO*, 683 F.2d 590, 595 (1st Cir. 1982); *see also May v. Shuttle, Inc.*, 129 F.3d 165, 179 (D.C. Cir. 1997) (agreeing that "the federal duty of fair representation preempts identical state law claims"); *Price*, 2011 WL

2144564, at *4 n.3 ("identical state law claims based on the same conduct" are "preempted by the federal" duty of fair representation claim"). To the extent Hollie states claims other than a breach of the duty of fair representation, these claims will be dismissed.

## III.   HOLLIE'S CLAIM AGAINST THE UNION

### A.   Failure to Exhaust Internal Remedies

The Union argues that Hollie's claim that it breached its duty of fair representation should be dismissed because he failed to exhaust his internal union remedies. (Defs.' Mot. at 9.) The Union argues that "ordinarily, . . . an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement." *Majewski v. B'Nai B'Rith Int'l*, 721 F.2d 823, 824 n.6 (D.C. Cir. 1983) (quoting *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983)). This requirement, however, applies to suits brought against an *employer* by an employee, not to suits against the union itself. *See id.* at 824; *DelCostello*, 462 U.S. at 163. Because Hollie sued his union under the LMRA, the Court "ha[s] the discretion to decide whether to require exhaustion of internal union procedures."[3] *Clayton v. Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am.*, 451 U.S. 679, 689 (1981); *see also O'Hara v. Dist. No. 1-PCD*, 56 F.3d 1514, 1522 (D.C. Cir. 1995) (courts "may enforce" union constitution's "requirement of exhaustion of internal union remedies . . . under appropriate conditions"). When exercising this discretion:

> at least three factors should be relevant: first, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim. If any of these factors are found to exist, the court may properly excuse the employee's failure to exhaust.

---

[3] Hollie does not argue that he exhausted his internal remedies. (*See* Pl.'s Reply at 2-4.)

*Clayton*, 451 U.S. at 689. Thus, the Court must first determine whether Hollie has shown that the Union's internal procedures cannot reactivate his grievance or "grant [him] full relief."[4] *Id.* at 696. If the Union's internal procedures are inadequate, Hollie will not be "required to expend time and resources seeking a necessarily incomplete resolution of his claim prior to pursuing judicial relief."[5] *Id.*

Hollie argues that the Court should excuse his failure to exhaust because the Union's internal procedures are inadequate to reactivate his grievance and reinstate him. (Pl.'s Reply at 3.) As proof, Hollie attaches the decision from the October 2010 hearing panel, which clearly states that a decision by the panel is "final, conclusive and binding with no appeal." (Pl.'s Reply, Ex. J, at 3.) Moreover, after the panel issued its decision, Smith informed Hollie that his "claim [was] untimely and would fail at any attempt to adjudicate it." (*Id.*, Ex. J. at 1.) Finally, although the Union suggests that Hollie can pursue disciplinary action against union officers, it does not argue that his grievance could be reactivated. (Defs.' Mot. at 9.) Therefore, the Court concludes that the Union's internal procedures cannot reactivate Hollie's grievance.

Requiring Hollie to seek money damages through the Union's internal grievance process would also be futile. *Clayton*, 451 U.S. at 689 (internal remedies must be unable "either to

---

[4] Hollie carries the burden of establishing that exhausting his internal remedies would be futile. Although there is no post-*Clayton* precedent in this Circuit, the Court held in *Winter*, a pre-*Clayton* case, that a plaintiff was required to make a "clear and positive showing of futility" before the Court could excuse a failure to exhaust internal union remedies. *Winter v. Local Union No. 639, Affiliated with Int'l Bhd. of Teamsters*, 569 F.2d 146, 149 (D.C. Cir. 1977); *see also Pierce v. Bahr*, No. 96-0680, 1996 WL 33675196, at *4 n.9 (D.D.C. May 9, 1996) (burden on plaintiffs to "prove the futility of exhausting their union remedies").

[5] The Union suggests that *Ruzicka v. General Motors Corp.*, 523 F.2d 306, 311 (6th Cir. 1975), counsels that the Court should stay its hand until the Union has "had at least some opportunity to resolve disputes concerning its own internal affairs." (Defs.' Mot. at 10.) However, *Ruzicka* was decided before *Clayton*, which explicitly rejected any general internal exhaustion requirement. *See Clayton*, 451 U.S. at 696.

reactivate the employee's grievance or to award him the full relief he seeks under § 301"). Although the Union argues that its Constitution provides "a damages and injunctive remedy," (Defs.' Mot. at 9 (citing *Tinsley v. United Parcel Serv.*, 665 F.2d 778, 779-80 (7th Cir. 1981)), Article XIX of the Union's Constitution does not appear to provide for an award of money damages to an individual union member.[6] (Defs.' Mot., Ex. A, at 89-90 ("[i]f a fine is assessed against a Local Union by a Joint Council, the payment shall be to the treasury of the Joint Council").) Moreover, the Court of Appeals has read the Union's constitution to prevent a plaintiff from "obtain[ing] money damages through union disciplinary channels." *Winter*, 569 F.2d at 149 (plaintiff "probably could not" obtain money damages); *see also Beyene v. Coleman Sec. Servs., Inc.* 854 F.2d 1179, 1181 (9th Cir. 1988) ("[o]n its face," Teamsters Constitution "does not authorize the payment of money damages to a union member who successfully asserts an internal charge against a Local Union."). Thus, because the Union's internal procedures cannot provide Hollie the full relief he seeks, it would be futile to require him to exhaust his internal remedies. *Clayton*, 451 U.S. at 696.

### B.   Statute of Limitations

In its Reply brief, the Union argues that Hollie's claims are also barred by the statute of limitations.[7] (Defs.' Reply at 2-5.) A six-month statute of limitations applies to claims against a

---

[6] Although Hollie does not cite to the Union's Constitution in his complaints, it is a verifiable public document and, therefore, may be considered by the Court without converting the Union's motion to dismiss into a motion for summary judgment. *Cf. Sears v. Magnolia Plumbing, Inc.*, 778 F. Supp. 2d 80, n.6 (D.D.C 2011) (taking judicial notice of corporate resolutions made publicly available through Maryland government website).

[7] The Court generally will not consider arguments raised for the first time in a defendant's reply. *See Jones v. Mukasey*, 565 F. Supp. 2d 68, 81 (D.D.C. 2008) (citing *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1001 (D.C. Cir. 2008)). However, Hollie filed an amended complaint after the Union's initial motion to dismiss, but before its reply. Moreover, Hollie has responded to the arguments made in the Union's reply. (*See* Pl.'s Reply Brief in Opp'n of Defs.' Mot. to Dismiss (Dkt. No. 8).) Thus, because the Union's reply responded to new issues raised

union for breach of the duty of fair representation. *George v. Local Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 100 F.3d 1008, 1014 (D.C. Cir. 1996). The six months begin to run when the claimant "discovers, or in the exercise of reasonable diligence should discover, the acts that form the basis of his claim." *McConnell v. Air Line Pilots' Ass'n, Int'l*, 763 F. Supp. 2d 37, 41 (D.D.C. 2011). When a series of actions allegedly violated the duty of fair representation, the "timeliness of the action is generally measured from . . . when the employee knows or should have known of the last action taken by the union which constituted the alleged breach of its duty of fair representation." *Watkins v. Commc'ns Workers of Am., Local 2336*, 736 F. Supp. 1156, 1159 (D.D.C. 1990); *see also Plain v. AT&T Corp.*, 424 F. Supp. 2d 11, 21 (D.D.C. 2006) (quoting *Watkins*, 736 F. Supp. at 1159). Thus, Hollie's cause of action did not accrue as long as he "reasonably thought that the grievance process had not reached a final breakdown." *Watkins*, 736 F. Supp. at 1160.

Hollie's claim is not untimely because the statute of limitations period did not begin to run until October 2010. The Union argues that Hollie's claim can be "traced back" to his discharge on February 19, 2009, because Hollie alleges that it failed to investigate the grievances he filed on January 22, 2009, and February 6, 2009. (Defs.' Reply at 5.) Hollie replies that the "primary basis" for his complaint was the panel hearing held on October 20, 2010, and that his lawsuit was filed on February 18, 2011, well within the six-month statute of limitations. (Pl.'s Reply at 2.) Hollie alleges that he was "unfair[ly] represent[ed] at recent hearing panel where [he] was never allowed to present [his] case verbally," (Compl. at 1) and that this hearing related to his February 2009 discharge. (Am. Compl. at 2.) Construing Hollie's complaint liberally, and assuming that all of the facts he alleges are true, *Toolasprashad v. Bureau of Prisons*, 286 F.3d

---

in Hollie's amended complaint, and because Hollie has had the opportunity to brief these issues, the Court will consider the Union's argument on the statute of limitations.

576, 583 (D.C. Cir. 2002), Hollie has alleged that he reasonably thought that the grievance process had not reached a final breakdown prior to the October 2010 hearing. Thus, because Hollie's cause of action had not accrued until October 2010, the Court will deny the Union's motion to dismiss on the basis of the statute of limitations.

## IV. HOLLIE'S CLAIM AGAINST SMITH

The Union also argues that Hollie's claim against Smith should be dismissed because he cannot bring a claim for breach of the duty of fair representation against an individual. (Defs.' Mot. at 8.) The LMRA provides that "[a]ny money judgment" following an alleged breach of the duty of fair representation "shall not be enforceable against any individual member" of a union "or his assets." 29 U.S.C. § 185(b). Thus, a money judgment "cannot be sought or enforced against a union representative when the union violated its duty of fair representation." *McMickle v. Aragon*, 736 F. Supp. 2d 129, 130 (D.D.C. 2010) (dismissing claim against union representative); *see also Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 247-48 (1962) ("when Congress passed" 29 U.S.C. § 185, "it declared its view that only the union was to be made to respond for union wrongs, and that the union members were not to be subject to levy"); *Price*, 2011 WL 2144564, at *2-*3 (courts in this Circuit have "uniformly dismissed" fair representation claims for damages "brought against individual union agents or officers"). Hollie's claim against Smith is solely based on Smith's failure to adequately communicate with him during the grievance process. (Compl. at 1 (alleging "failure to return calls or contact me regarding my grievances"); Am. Compl. at 2 ("The Union never responded to grievances as agreed by Union Representative Anthony Smith").) Because Hollie cannot bring a claim against an individual union officer, his claim against Smith must be dismissed. *Price*, 2011 WL 2144564, at *3.

9

## CONCLUSION

For the foregoing reasons, the Union's Motion to Dismiss (Dkt. No. 2) will be granted in part and denied in part.  The Union's motion to dismiss Hollie's state law claims and Hollie's claims against Anthony Smith will be granted.  The Union's motion to dismiss Hollie's claim against it for breach of the duty of fair representation will be denied.  A separate Order accompanies this Memorandum Opinion.

      /s/      
ELLEN SEGAL HUVELLE
United States District Judge

DATE:  September 28, 2011